UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MADONNA LEAMON,

        Plaintiff,

                                                        Case Number 08-14731-BC
v.                                                      Honorable Thomas L. Ludington

CENTRAL MICHIGAN DISTRICT
HEALTH DEPARTMENT,

        Defendant.
_____/

**<u>ORDER STAYING PROCEEDINGS PENDING BANKRUPTCY COURT RULING AND DIRECTING THE CLERK OF THE COURT TO PROVIDE A COPY OF THIS ORDER TO THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION</u>**

On November 7, 2008, the Mastromarco Firm, on behalf of Plaintiff Madonna Leamon, filed a two-count complaint against her former employer, Defendant Central Michigan District Health Department, alleging claims under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq., and the Michigan Persons with Disabilities Civil Rights Act, Mich. Comp. Laws §§ 37.1101, et seq. Plaintiff alleges that Defendant terminated her employment on November 5, 2007, and seeks "back pay, future pay, future raises and all other benefits provided." Compl. ¶¶ 10, 38.

Now before the Court is Plaintiff's motion [Dkt. # 15] seeking to amend the caption and to substitute the bankruptcy trustee as the plaintiff. Plaintiff represents that on March 31, 2009, she filed a Chapter 7 bankruptcy case (09-21164) in the Eastern District of Michigan, through the law firm of Gower Reddick PLC; that Karen Evangelista was appointed as the bankruptcy trustee; and that the Mastromarco Firm has been retained by the trustee to proceed in this matter.

In its response [Dkt. # 19] to Plaintiff's motion, Defendant represents that Plaintiff's

bankruptcy counsel, Jason P. Gower, filed a claim of exemption on Plaintiff's behalf, asserting that this litigation is exempt from the bankruptcy estate under 11 U.S.C. § 522(d)(11)(E). The debtor valued the litigation at $50,000.00 on Schedule C of her amended schedules on June 28, 2009. Defendant represents that the trustee has opposed the exemption and that a hearing is scheduled on October 29, 2009. Defendant contends that if the exemption is allowed, Plaintiff is the real party in interest, not the bankruptcy trustee.

Based on the above, proceedings will be stayed in this Court, pending a ruling by the bankruptcy court on the exemption issue. If the bankruptcy court determines that Plaintiff is entitled to the exemption, then Plaintiff is entitled to pursue this action on her own behalf. On the other hand, if the bankruptcy court determines that Plaintiff is not entitled to the exemption, then the question arises as to whether the action is owned by Plaintiff, the trustee, or both, when the damages that Plaintiff claims may have accrued partially before and partially after the filing of her Chapter 7 petition. Additionally, whether the exemption applies may impact Plaintiff's eligibility for Chapter 7 relief based on the means test. *See* 11 U.S.C. § 707(b)(1).

Accordingly, it is **ORDERED** that the action is **STAYED** pending a ruling on the exemption issue by the bankruptcy court. Plaintiff shall notify the Court, in writing, of a ruling.

It is further **ORDERED** that the Clerk of the Court is **DIRECTED** to provide a copy of this order to the United States Bankruptcy Court for the Eastern District of Michigan, Northern Division.

                                                       s/Thomas L. Ludington  
                                                       THOMAS L. LUDINGTON  
                                                       United States District Judge

Dated: October 8, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 8, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS