UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MADONNA LEAMON and KAREN
EVANGELISTA, bankruptcy trustee,

        Plaintiffs,

                                                    Case Number 08-14731-BC
v.                                              Honorable Thomas L. Ludington

CENTRAL MICHIGAN DISTRICT HEALTH
DEPARTMENT,

        Defendant.
                                                  /

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OR REHEARING

On November 7, 2008, Plaintiff Madonna Leamon ("Plaintiff") filed a two-count complaint against her former employer, Defendant Central Michigan District Health Department ("Defendant"), alleging claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq. and the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"), Mich. Comp. Laws §§ 37.1101, et seq. [Dkt. # 1]. On February 12, 2010, the Court granted Defendant summary judgment on Plaintiff's FMLA claims of interference and retaliation and declined jurisdiction over Plaintiff's state law claims. The Court found that Plaintiff could not establish an interference claim, because Plaintiff was not denied any benefits to which she was entitled. The Court found that Plaintiff could not establish a retaliation claim, because she voluntarily signed a letter of resignation after consulting with her union representative and negotiating for additional compensation. *See Hammon v. DHL Airways, Inc.*, 165 F.3d 441, 447 (6th Cir. 1999) (voluntary resignation does not constitute an adverse employment action). Plaintiff did not advance evidence of any conditions at her workplace that would demonstrate a constructive discharge, rather than a

voluntary termination of her employment. *See Logan v. Denny's, Inc.*, 259 F.3d 558, 568 (6th Cir. 2001); *see also Manning v. City of Hazel Park*, 509 N.W.2d 874, 880 (Mich. Ct. App. 1993) (to establish a constructive discharge, working conditions must have been so difficult that the plaintiff objectively had no option but resignation).

Now before the Court is Plaintiff's motion for reconsideration or rehearing [Dkt. # 30], filed February 26, 2010. Plaintiff's sole argument is that she was constructively discharged, and therefore suffered an adverse employment action. Plaintiff asserts that Michigan law "supports the conclusion that a resignation is not voluntary when notice has already been given to the employee that a determination has been made to terminate the employee's employment," citing generally to *Slone v. Fed. Mogul Corp*, No. 210775, - - - N.W.2d - - -, 1999 WL 33435476, (Mich. Ct. App. Sept. 28, 1999) (per curiam); *Cain v. Allen Elec.*, 78 N.W.2d 296 (Mich. 1956); and *Jacobson v. Parda Fed. Credit Union*, 577 N.W.2d 881 (Mich. 1998). She does not dispute the facts as presented by the Court, but emphasizes that the day she signed a letter of resignation, Defendant had already determined that her employment would be involuntarily terminated. She further emphasizes that she had no intention to resign prior to being presented with the option to resign or have her employment terminated involuntarily.

To prevail on a motion for reconsideration, the moving party generally must demonstrate "a palpable defect by which the court and the parties [were] misled . . . [and] that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain." *See United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001). Generally such motions will not be granted where the motion "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable

implication." L.R. 7.1(h)(3). Furthermore, failure to address an issue constitutes a waiver or abandonment of the argument. *Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Motions for reconsideration "are aimed at *re* consideration, not initial consideration." *Id.*; *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration.").

Here, Plaintiff did not file a response to Defendant's motion for summary judgment, despite extensions of time to do so. Plaintiff's argument that she was constructively discharged within the meaning of *Slone*, *Cain*, and *Jacobsen* is now raised for the first time. While Plaintiff objects that the Court "did not cite to any Michigan case law which addressed a factual scenario similar to the one experienced by Plaintiff," it is a plaintiff, not the Court that has the burden to demonstrate that a defendant is not entitled to summary judgment as a matter of law. By electing to not file a response, Plaintiff chose not to advance any facts or law to support her claims or to dispute the facts or law advanced by Defendant. Plaintiff assumed the risk that Defendant's motion would demonstrate its entitlement to judgment as a matter of law. A motion for reconsideration is not the proper vehicle for a belated response. Thus, the constructive discharge argument presented in Plaintiff's motion for reconsideration is not properly before the Court and the motion for reconsideration will be denied.

Even if Plaintiff's argument were properly before the Court, Plaintiff's motion would be denied, because it does not present a palpable defect. Notably, the cases Plaintiff cites do not support the proposition that under Michigan law an employee is automatically constructively discharged when an employee is on notice that her employment will be terminated if she does not resign. The cases merely address when a claim for constructive discharge accrues.

In *Slone*, the question before the court was whether the plaintiff had resigned or the defendant-employer had terminated his employment. 1999 WL 33435476 at *2. When the defendant's CEO told the plaintiff, "You're through, you're finished," before the plaintiff submitted an anticipated resignation, the court found that the plaintiff's employment had been involuntarily terminated, despite the plaintiff's known intent to resign in the future. *Id.* at *3. The court did not address whether such facts amounted to a constructive discharge; the court focused only on when a claim for constructive discharge may have accrued. *Id.* Likewise, in *Cain*, the Michigan Supreme Court simply explained that when the plaintiff turned in a notice of resignation to be effective in the future, his employer effectively terminated his employment by immediately discontinuing his employment. 78 N.W.2d at 302 ("To argue that defendant merely 'accelerated' plaintiff's departure confuses the actual termination with the reason for it."). Finally, in *Jacobsen* the court determined that a claim for constructive discharge accrues at the time the employee resigns, unless the employee received notice of termination. 557 N.W.2d at 881.

Nothing in these cases undermines the Court's conclusion that Plaintiff did not advance any evidence to support the proposition that she was constructively discharged. *See Saroli v. Automation & Modular Components*, 405 F.3d 446, 451 (6th Cir. 2005) ( plaintiff alleging constructive discharge must demonstrate that "(1) the employer deliberately created intolerable working conditions as perceived by a reasonable person and (2) the employer did so with the intention of forcing the employee to quit."*); see also Block-Victor v. CITG Promotions, L.L.C.*, 665 F. Supp. 2d 797, 806-07 (E.D. Mich. 2009) (citing *Saroli*)*; see also Hollins v. Atlantic Co.*, 188 F.3d 652, 662 (6th Cir. 1999); *Lagrow v. County of Berrien*, No. 278064, - - - N.W.2d - - -, 2008 WL 5197120, *3-4 (Mich. Ct. App. Dec. 11, 2008) (per curiam) (summary judgment proper where the employer

informed its employee that her employment was going to be terminated, but the employee accepted an opportunity to resign instead). Plaintiff has not demonstrated a genuine issue of material fact regarding the existence of a constructive discharge.

Accordingly, it is **ORDERED** that Plaintiff's motion for reconsideration or rehearing [Dkt. # 30] is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 24, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 24, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS